UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:13-CR-00150-CRS

UNITED STATES OF AMERICA                                     PLAINTIFF

v.

DAVID NEAGLE                                                 DEFENDANT

## OPINION AND ORDER

This matter is before the Court on Defendant David Neagle's *pro se* Motion for Compassionate Release, DN 54. Because Neagle has not shown that extraordinary and compelling reasons warrant his release, the Court will deny Neagle's motion, albeit without prejudice to refiling should extraordinary and compelling reasons that warrant an early release develop.

## BACKGROUND

On March 19, 2014, Neagle pleaded guilty to five counts of transportation of child pornography, one count of attempt to receive child pornography, and one count of possession of child pornography. He was sentenced to 240 months of imprisonment. 11/24/2014 Judgment and Commitment Order, DN 44. Neagle appealed, and on November 2, 2015, the Court of Appeals for the Sixth Circuit affirmed Neagle's sentence. Opinion, DN 51. On May 1, 2026, Neagle filed the instant compassionate release motion. Motion, DN 54. As grounds for his motion, Neagle states that he suffers from deteriorating medical conditions (multiple sclerosis and arthritis) and was exposed to harsher than normal conditions throughout the COVID-19 pandemic. He contends that these circumstances constitute extraordinary and compelling reasons that justify his release. *Id*. On May 7, 2026, the Court entered an order directing the United States to respond to Neagle's motion no later than May 15, 2026. Order, DN 55. No response was filed, however. Thus, the United States has not objected to Defendant's early release and the Defendant's motion stands unopposed.

## ANALYSIS

Compassionate release is an extraordinary remedy. *United States v. Flenory*, 841 F. App'x 971, 972 (6th Cir. 2021). Motions requesting such relief require a "three-step inquiry[.]" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))). The Court must find: (1) that "extraordinary and compelling reasons" warrant a sentence reduction, (2) that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) that the applicable 18 U.S.C. § 3553(a) sentencing factors support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (*en banc*) (quoting 18 U.S.C. § 3582(c)(1)(A))). If all three requirements are met, "the district court 'may reduce the term of imprisonment,' but need not do so." *Elias*, 984 F.3d at 518 (quoting 18 U.S.C. § 3582(c)(1)(A)).

As for the first of these requirements, the United States Sentencing Guidelines provide that certain types of medical conditions can comprise extraordinary and compelling reasons for a sentence reduction:

. . . (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) Medical Circumstances of the Defendant.—

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b) (2023). Neagle has not demonstrated that his circumstances satisfy any of these criteria.

First, Neagle has not shown that his medical conditions have rendered him unable to provide self-care and he has not shown that the Bureau of Prisons cannot provide adequate care for his multiple sclerosis and arthritis. Neagle has not provided the Court with current medical records that reflect the current status of his medical conditions or a prognosis. Rather, the medical records he submitted are over five years old. While the records show his diagnoses, they do no more to support an early release. They do not show that Neagle cannot presently care for himself or that the Bureau of Prisons ("BOP") cannot provide adequate care. Instead of making those showings, Neagle rests his Motion on his unsupported assertion that his conditions have caused his motor function to "drastically decline[]" to the point where he is no longer able to work for UNICORP Industries, a job that he has held for the past ten years. Motion, DN 54 at PageID# 276. Even if the Court presumes the truth of this assertion, it does not meet the requisite showing of a medical condition that has created extraordinary and compelling reasons that would support an

3

early release. U.S.S.G. 1.B1.13(b); *United States v. Robertson*, No. CR 5:21-111-DCR, 2026 WL 81902, at *2 (E.D. Ky. Jan. 12, 2026) (defendant's multiple sclerosis did not constitute extraordinary and compelling reason for early release where he did not establish impaired ability to provide self-care or that BOP's care was inadequate).

Next, Neagle contends that his release is warranted because his compromised immune system puts him at risk for contracting COVID-19. Motion, DN 54 at PageID# 276. But this argument is undeveloped and therefore unpersuasive. Neagle provides no evidence to support this claim. To the extent that his argument rests on this bare assertion, it is unavailing.

Finally, Neagle maintains that the conditions imposed during the COVID-19 pandemic should entitle him to an early release. He states that he endured "onerous lockdowns, cessation of family visitations, the suspension of many prison programs, and the lack of educational opportunities." Motion, DN 54 at PageID# 277. All of these, he contends, justify a compassionate release. *Id.* The Court disagrees. The pandemic is not ongoing and therefore it does not provide a ground for Neagle's early release. U.S.S.G. § 1B1.13(b)(1)(D) (ongoing outbreaks may comprise extraordinary and compelling reasons for release); *United States v. Sanchez*, No. 1:19-CR-184-5, 2026 WL 319045, at *3 (N.D. Ohio Feb. 6, 2026) (complaints about conditions previously endured during COVID-19 pandemic do not comprise extraordinary and compelling reasons for release).

The grounds on which Neagle relies for his early release do not constitute extraordinary and compelling reasons that would justify it. Accordingly, Neagle's Motion for a Reduced Sentence Based on Extraordinary and Compelling Reasons **(DN 54)** is **DENIED**, albeit without

4

prejudice to refiling should extraordinary and compelling reasons that warrant an early release develop.

**IT IS SO ORDERED**.

June 5, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:  Kyle Bumgarner, United States Attorney and
     *Counsel of Record*

5